# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA GONZALEZ, AND ROBERT GONZALEZ, <br><br> Plaintiff, <br><br> vs. <br><br> FOCUS HISPANIC CENTER FOR COMMUNITY DEVELOPMENT, INC., et al., <br><br> Defendants. | Civil Action No. <br> 2:26-cv-6864-KSH-JBC |

## BRIEF IN SUPPORT OF DEFENDANT UNIVERSITY HOSPITAL'S NOTICE OF MOTION TO DIMISS THE COMPLAINT

Robert E. Blanton, Jr., Esq.
Patrick T. Hagerty, Esq.
**HARDIN KUNDLA McKEON & POLETTO, PA**
673 Morris Avenue
Springfield, NJ 07081
(T) 973-912-5222
(F) 973-912-9212
rblanton@hkmpp.com
phagerty@hkmpp.com

*Attorneys for Defendant, University Hospital*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.    PRELIMINARY STATEMENT ................................................................- 1 -

II.   FACTUAL BACKGROUND ....................................................................- 2 -

III.  PROCEDRUAL HISTORY .....................................................................- 4 -

IV.   LEGAL ARGUMENT ............................................................................- 5 -

A.    Counts 1, 2, 4 & 5 pleaded under New Jersey state law are barred for Plaintiffs' failure to provide UH with timely notice of a claim.............................................- 6 -

1.    *Plaintiffs' claims are barred by N.J.S.A. § 59:8-8 for failing to provide UH notice of a claim within 90 days of the claim accruing on August 5, 2024.*..........- 7 -

2.    *Plaintiffs cannot meet the requirements to provide UH a late notice of claim under N.J.S.A. § 59:8-9.*...............................................................- 10 -

3.    *Plaintiffs did not substantially comply with the TCA's notice requirement to excuse their failure to provide a notice of claim.* .............................................- 15 -

B.    Count 3 fails to plead the existence of a policy or custom establishing that UH took some action causing Plaintiffs' injuries to state a claim under 42 U.S.C. § 1983. - 17 -

V.    CONCLUSION ....................................................................................- 20 -

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................- 5 -

*Baraka v. McGreevey*, 481 F.3d 187 (3d Cir. 2007) ...........................................- 5 -

*Beauchamp v. Amedio*, 164 N.J. 111 (2000) ................................... - 6 -, - 7 -, - 14 -

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................- 5 -

*Brown v. Muhlenberg Township*, 269 F.3d 205 (3d Cir. 2001) ..........................- 18 -

*Curay-Cramer v. Ursuline Acad. of Wilmington Del., Inc.*, 450 F.3d 130 (3d Cir. 2006) .....................................................................................................................- 5 -

*D.D. v. University of Medicine & Dentistry of New Jersey*, 213 N.J. 130 (2013)- 20 -

*Eagan v. Boyarsky*, 158 N.J. 632 (1999) ..........................................................- 11 -

*Estate of Roman v. City of Newark*, 914 F.3d 789 (3d Cir. 2019).......................- 18 -

*Forcella v. City of Ocean City*, 70 F. Supp. 2d 512 (D.N.J. 1999) ......................- 9 -

*H.C. Equities, LP v. Cty. of Union*, 247 N.J. 366 (2021) ..................................- 16 -

*Henderson v. Herman*, 373 N.J. Super. 625 (App. Div. 2004)...........................- 16 -

*Jewell v Ridley Twp.*, 497 F App'x 182 (3d Cir. 2012) ......................................- 18 -

*Keller v. Cnty. of Somerset*, 137 N.J. Super. 1 (App.Div.1975)..........................- 12 -

*Kleinke v. Ocean City*, 147 N.J. Super. 575 (App. Div. 1977)...........................- 11 -

*LeBron v. Sanchez*, 407 N.J. Super. 204 (App. Div. 2009) ................................- 16 -

*Lowe v. Zarghami*, 158 N.J. 606 (1999) ....................................... - 10 -, - 11 -, - 14 -

*Lynch v. Rubacky*, 85 N.J. 65 (1981) .................................................................- 8 -

*Maher v. Cnty. of Mercer*, 384 N.J. Super. 182 (App.Div.2006) ........................- 11 -

*Martinez v. Cooper Hosp.*, 163 N.J. 45 (2000)........................................... - 7 -, - 8 -

ii

*McDade v. Siazon*, 208 N.J. 468 (2011) ...................... - 6 -, - 7 -, - 11 -, - 14 -, - 15 -

*Mendez v. So. Jersey Transp. Auth.*, 416 N.J. Super. 525 (App.Div.2010) ....... - 11 -

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ............................................. - 17 -

*Noble v. City of Camden*, 112 F. Supp. 3d 208 (D.N.J. 2015) ........................... - 18 -

*O'Donnell v. N.J. Tpk. Auth.*, 236 N.J. 335 (2019) ................. - 6 -, - 9 -, - 12 -, - 15 -

*O'Neill v. City of Newark*, 304 N.J. Super. 543 (App. Div. 1997) ...................... - 10 -

*Ohlweiler v. Twp. Of Chatham*, 290 N.J. Super. 399 (App. Div. 1996) ............. - 10 -

*Panarello v. City of Vineland*, 160 F. Supp. 3d 734 (D.N.J. 2016) ....................... - 7 -

*S.P. v. Collier High School*, 319 N.J. Super. 452 (App.Div.1999) ......... - 12 -, - 13 -

*Savage v. Old Bridge-Sayreville Med. Group*, 134 N.J. 241 (1993) .................... - 8 -

*Velez v. City of Jersey City*, 358 N.J. Super. 224 (App. Div. 2003) ................... - 16 -

**Statutes**

42 U.S.C. § 1983 ............................................................. - 1 -, - 17 -, - 19 -, - 20 -

N.J.S.A. § 59:8-7 ................................................................................................... - 6 -

N.J.S.A. § 59:8-8 ......................................... - 6 -, - 7 -, - 8 -, - 9 -, - 10 -, - 15 -, - 20 -

N.J.S.A. § 59:8-9 ................................................................. - 7 -, - 14 -, - 15 -, - 20 -

**Rules**

Fed. R. Civ. P. 12(b)(6) ....................................................................................... - 5 -

## I.   PRELIMINARY STATEMENT

Defendant University Hospital (UH) moves to dismiss Plaintiffs' claims in lieu of filing an Answer.

UH seeks to dismiss the causes of action pleaded under New Jersey law due to Plaintiffs' failure to serve UH with a notice of claim as required by the New Jersey Tort Claims Act (TCA), *N.J.S.A.* §§ 59:1-1, *et seq.* The Complaint alleges that on August 5, 2024, Plaintiff Norma Gonzalez was involuntarily admitted to UH for about a week receiving unnecessary medical care without informed consent. Plaintiffs allege this caused significant emotional, psychological and physical harm prompting them to file this lawsuit against UH, the State of New Jersey Department of Human Services, and other defendants.

Plaintiffs allege that prior to filing suit they filed a notice of claim. Plaintiffs may have served a notice of claim upon the co-defendants, but UH did not receive a notice from Plaintiffs. Plaintiffs' failure to serve UH with a notice of claim bars them from pursuing claims against UH arising under state law. Therefore, Counts One, Two, Four, and Five of the Complaint must be dismissed with prejudice.

UH also moves to dismiss Plaintiffs' Federal Civil Rights Act claim since Plaintiffs have failed to plead facts that UH maintained a policy or custom that caused Plaintiffs' injuries to state a claim under 42 U.S.C. § 1983.

## II.   FACTUAL BACKGROUND

Plaintiff, Norma Gonzalez, is an 82-year-old woman who lives with her son, Plaintiff Robert Gonzalez. *See*, Ex. A, Complaint at ¶¶ 3-4. On August 5, 2024, Mr. Gonzalez "observed his mother appearing pale" and called for emergency medical care. *Id.* at ¶¶ 13-14. Emergency personnel responded.

Co-Defendant Olivia allegedly "directed that Ms. Gonzalez be transported for medical evaluation" but "[w]ithout consent, warrant or exigent circumstances[.]" *Id.* at ¶¶ 16-17. Plaintiffs allege that Ms. Gonzalez was then transported to UH "against her will" and "detained [at UH] for approximately one week." *Id.* at ¶¶18-19. Plaintiffs allege Ms. Gonzalez received medical treatment at UH without her informed consent and "[without] a diagnosis, justification for confinement, or discharge plan." *Id.* at ¶¶ 21-22.

Plaintiffs allege that on October 25, 2024 (81 days after the events of August 5, 2024) they filed a notice of claim. *Id.* at ¶ 1. Plaintiffs do not identity the person or entities with whom Plaintiffs purportedly filed any notice of claim. *Ibid.* Plaintiffs did not append to the Complaint a copy of any filed notice of claim. *See*, Ex. A, Complaint. They also did not append to the Complaint proof of filing of any notice of claim. *Ibid.*

UH is a body corporate and politic and instrumentality of the State of New Jersey. *See*, Ex. B, Hooper Dec. at ¶ 3. UH's Office of the General Counsel maintains

copies of all notices of claim received by the hospital pursuant to the TCA. *Id.* at ¶ 4. UH has not identified any notice of claim filed with UH by Plaintiffs. *Id.* at ¶ 7. UH's first notice that Plaintiffs were asserting a claim against the hospital was when UH was served with the summons and Complaint. *Id.* at ¶ 8.

### III.        **PROCEDRUAL HISTORY**

On May 5, 2026, Plaintiffs filed the Complaint in the Superior Court. *See*, Ex. A, Complaint at ¶¶ 5-10. The Complaint asserts five causes of action: false imprisonment (Count 1), negligence (Count 2), civil rights violations under 42 U.S.C. § 1983 (Count 3), intentional infliction of emotional distress (Count 4), and medical battery/lack of informed consent (Count 5). *Ibid.*

The Superior Court docket does not reveal any motion by Plaintiffs to serve a late notice of claim. *See*, Ex. E, Docket Summary Report.

Co-Defendant New Jersey Department of Human Services then removed this matter to the United States District Court for the District of New Jersey. *See*, Ex. C, Notice of Removal (Doc. 1).

UH was served with the Summons and Complaint. *See*, Ex. B, Hooper Dec. at ¶ 5. The Court granted UH an extension until June 29, 2026 to answer or otherwise respond to the Complaint. *See*, Ex. D, 6/15/26 Order (Doc. 5).

UH now moves per *Fed. R. Civ. P.* 12(b)(6) to dismiss Plaintiffs' claims.

## IV.    LEGAL ARGUMENT

To survive a motion to dismiss under *Fed. R. Civ. P.* 12(b)(6) a complaint must contain more than "an unadorned, 'the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Allegations of mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to defeat a motion to dismiss. *Ibid.* A court is not "compelled to accept . . . 'a legal conclusion couched as a factual allegation.'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007), and may disregard "the non-movant's . . . unreasonable factual inferences." *Curay-Cramer v. Ursuline Acad. of Wilmington Del., Inc.*, 450 F.3d 130, 133 (3d Cir. 2006) (internal citations omitted).

UH seeks dismissal of the claims arising under New Jersey state law (Counts 1, 2, 4 & 5) due to Plaintiffs' failure to comply with the TCA's notice requirements. UH also seeks dismissal of Plaintiffs' civil rights claim (Count 3) for failing to state a claim for relief that Plaintiffs' injuries were caused by a UH policy or custom.

### A.    Counts 1, 2, 4 & 5 pleaded under New Jersey state law are barred for Plaintiffs' failure to provide UH with timely notice of a claim.

For Plaintiffs to state claims arising under New Jersey law against UH (a public entity), Plaintiffs must comply with the TCA, *N.J.S.A.* § 59:1-1, *et seq.* The TCA sets the parameters for an aggrieved party to recover for the tortious acts of public entities. *O'Donnell v. N.J. Tpk. Auth.*, 236 N.J. 335, 344 (2019) (internal citations and quotations omitted). To assert a claim against a public entity and its employees, a notice of claim must be directly filed with the public entity within 90 days of the cause of action accruing. *N.J.S.A.* § 59:8-8; *see also*, *McDade v. Siazon,* 208 N.J. 468, 476 (2011) (citing *N.J.S.A.* § 59:8-7).

The TCA's notice requirement furthers several legislative goals. First, the public entity has at least six months to review and potentially resolve a claim prior to suit. *McDade*, 208 N.J. at 475-76  (quoting *Beauchamp v. Amedio*, 164 N.J. 111,121-122 (2000)). Second, prompt notification of a claim allows the entity to conduct a factual investigation and prepare a defense. *Ibid.* Third, the public entity is afforded "a chance to correct the conditions or practices which gave rise to the claim." *Ibid.* Fourth, the public entity receives advance notice "as to the indebtedness or liability that it may be expected to meet." *Ibid.* Consequently, claimants must adhere to the TCA's strict requirements to pursue claims against public entities and their employees. *O'Donnell*, 236 N.J. at 345.

A claimant who fails to timely file a notice of claim with the public entity is forever barred from recovering against the public entity unless the claimant meets *N.J.S.A.* § 59:8-9's requirements to file a late notice of claim. *N.J.S.A.* 59:8-8(a); *see also*, *Panarello v. City of Vineland*, 160 F. Supp. 3d 734, 745 (D.N.J. 2016). Absent permission from the Superior Court to file a late notice of claim under *N.J.S.A.* § 59:8-9, the claimant is forever barred from recovering against the public entity or its employees for failure to file the notice within 90 days of accrual. *N.J.S.A.* § 59:8-8.

UH is a body corporate and politic and instrumentality of the state of New Jersey. *See*, Ex. B, Hooper Dec. Plaintiffs were therefore required to provide UH with a notice of claim prior to filing the Complaint. Plaintiffs failed to provide UH with a timely notice of claim, so they are barred from stating against UH causes of action arising under New Jersey law.

> **1.    *Plaintiffs' claims are barred by N.J.S.A. § 59:8-8 for failing to provide UH notice of a claim within 90 days of the claim accruing on August 5, 2024.***

A claim accrues when a wrongful act or omission occurs causing an injury for which the law provides a remedy. *Beauchamp*, 164 N.J. at 116. It accrues "on the date a reasonable person, exercising ordinary diligence, would recognize that [s]he . . . was injured due to the fault of another." *McDade*, 208 N.J. 468. A plaintiff does not need to know a specific legal basis for liability against the defendants. *Martinez v. Cooper Hosp.*, 163 N.J. 45, 52 (2000); *Savage v. Old Bridge-Sayreville Med.*

*Group*, 134 N.J. 241(1993). For a claim to accrue, a plaintiff only needs to know of the injury and that it may be due to someone else's fault. *Savage*, 134 N.J. at 246; *Lynch v. Rubacky*, 85 N.J. 65 (1981).

Here, Plaintiffs allege that on August 5, 2024 Ms. Gonzalez was involuntarily admitted to UH where she was detained and subjected to medical care without consent and without medical justification. *See*, Ex. A, Complaint at ¶¶ 13-23. Since Plaintiffs contemporaneously believed on August 5th that Ms. Gonzalez was sent to UH and subjected to unwarranted medical care causing her injury, their claim against UH accrued on that date. *Savage*, 134 N.J. at 246; *Lynch*, 85 N.J. 65.Plaintiffs did not need to know a specific basis for liability or a probable cause of action against UH and its employees for their claim to accrue. *Martinez*, 163 N.J. at 53.

Under *N.J.S.A.* § 59:8-8, Plaintiffs had 90 days (until November 3, 2024) to serve UH with proper notice of a claim. They didn't. Ex. B, Hooper Dec. at ¶ 7.

Plaintiffs allege generally that they filed a notice of claim; but they do not identify the recipient. The allegation is unsupported by a sworn statement or other evidence. Plaintiffs also do not allege specific facts of filing a notice of claim with UH. Plaintiffs did not append to their Complaint a copy of any notice of claim purportedly filed with UH. And Plaintiffs did not append to the Complaint a copy of any proof of having filed a notice of claim with UH.

It is possible Plaintiffs provided notice of a claim to co-defendants. But Plaintiffs were still required to provide UH with its own notice of a claim since UH is a distinct public entity. For example, in *O'Donnell v. N.J. Tpk. Auth.*, the New Jersey Supreme Court acknowledged that a public entity (New Jersey Transit Authority) separate and independent from the State of New Jersey was entitled to receive its own notice of a claim apart from notice provided to the state. 236 N.J. at 350. Moreover, the TCA imposes no obligation on the State to forward a notice of claim the State receives to another public entity. *Ibid.* So even if Plaintiffs argue they provided notice of a claim to any co-Defendants, that did not relieve Plaintiffs of their obligation to provide a notice of claim to UH within 90 days of Plaintiffs' claim accruing. *See*, *Forcella v. City of Ocean City*, 70 F. Supp. 2d 512 (D.N.J. 1999) (finding service of notice of a claim upon one public entity insufficient to satisfy the TCA's requirement to serve notice upon a separate public entity). This is consistent with longstanding precedent that service of a notice of claim upon the incorrect public entity does not absolve a plaintiff of the obligation to identify the correct public entity and serve a timely notice of claim. *See*, *McDade,* 208 N.J. at 479.

*N.J.S.A.* § 59:8-8 bars Plaintiffs from asserting state law claims against UH since Plaintiffs did not provide a notice of a claim to UH within 90 days of the claim accruing in August 2024.

### 2.    *Plaintiffs cannot meet the requirements to provide UH a late notice of claim under N.J.S.A. § 59:8-9.*

A claimant may file an application with the Superior Court for leave to serve a late notice of claim (A) on a showing of extraordinary circumstances only if (B) the application is still filed within one year of the accrual of the claim and (C) the public entity has not been substantially prejudiced by the delay. *N.J.S.A.* § 59:8-9. The application must be made upon motion with supporting affidavits "based on personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his [or her] failure to file a notice of claim within the time prescribed by section 59:8-8 . . . or to file a motion seeking leave to file a notice of claim within a reasonable time thereafter[.]" *N.J.S.A.* § 59:8-9.

The "extraordinary circumstances" language was added to the statute with the "purpose . . . to raise the bar for the filing of late notice from a 'fairly permissive standard' to a 'more demanding' one." *Beauchamp*, 164 N.J. at 118 (quoting *Lowe v. Zarghami*, 158 N.J. 606, 625 (1999)). The claimant must provide a particularly compelling justification: out of the ordinary, unusual, uncommon, which experience or prudence would not anticipate, or provide for. *O'Neill v. City of Newark*, 304 N.J. Super. 543, 551 (App. Div. 1997) (citing *Ohlweiler v. Twp. Of Chatham*, 290 N.J. Super. 399, 404 (App. Div. 1996)); *D.D. v. University of Medicine & Dentistry of New Jersey*, 213 N.J. 130, 146 (2013).

For example, when a plaintiff is unable to identify a tortfeasor, she must show diligence and reasonable efforts to uncover the identity of the responsible party. *See*, *McDade*, 208 N.J. at 477. "The inquiry focuses on the reasonable diligence of the plaintiff in investigating the claim and determining the identity of the tortfeasor." *Ibid.*; *see also, Lowe*, 158 N.J. at 629-30; *Eagan v. Boyarsky*, 158 N.J. 632, 643 (1999) (holding that "extraordinary circumstances could exist for the filing of a late notice of claim where the public entity, intentionally or unintentionally, obscured the identity of the appropriate responsible entity to be sued").

Extraordinary circumstances standard can also be established by incapacity if a claimant's condition is "severe or debilitating" having "consequential impact on the claimant's very ability to pursue redress and attend to the filing of a claim". *D.D.*, 213 N.J. at 149- 50; *see also*, *Mendez v. So. Jersey Transp. Auth.*, 416 N.J. Super. 525, 533 (App. Div. 2010) (relying in part on injuries sustained in motor vehicle accident that required hospitalization); *Maher v. Cnty. of Mercer*, 384 N.J. Super. 182, 189-90 (App. Div. 2006) (finding a claimant in a medically induced coma and not expected to survive established extraordinary circumstances); *Kleinke v. Ocean City*, 147 N.J. Super. 575 (App. Div. 1977) (concerning a claimant hospitalized for an extended period of time due to an embolism). The consistent theme of these decisions is the severity of the medical condition and the consequential impact on the claimant's ability to pursue redress and file a claim. *D.D.*, 213 N.J. at 150. Thus,

the court must objectively determine whether a severe or debilitating injury impaired the claimant's ability to act during the 90-day claim period. *Id.* at 151; *see also*, *S.P. v. Collier High School*, 319 N.J. Super. 452, 466 (App. Div. 1999) (concluding that a high school student's youth, ignorance and learning disability, even when coupled with assurances that her complaint about sexual abuse by another student would be addressed by school authorities, did not constitute extraordinary circumstances); cf., *Keller v. Cnty. of Somerset*, 137 N.J. Super. 1, 7 n. 4 (App. Div. 1975) (finding a mother's emotional strain after her son's death was not debilitating as she continued to operate her business and discuss his accident with many people).

A party may also be permitted to file a late notice of claim within one year of the claim's accrual where a public entity has already received notice of the circumstances surrounding the incident from another claimant. *See*, *O'Donnell*, 236 N.J. at 351-52. In *O'Donell*, the plaintiff served a notice of claim regarding a multi-vehicle accident resulting in injuries to several individuals and two fatalities. The plaintiff's former attorney provided a notice of claim to the State within 90 days but failed to provide notice of a claim to the New Jersey Transit Authority (NJTA). *Id.* at 350. The plaintiff retained new counsel that filed a motion for leave to serve a late notice of claim upon NJTA within one year of the claim's accrual, though after the 90-day claim period. *Ibid.* Meanwhile, other individuals in the accident filed their own timely notice of claim with NJTA. *Id.* at 351. The other claimants' notice made

- 12 -

NJTA aware of the individuals in the collision, including the individuals named as plaintiffs in the *O'Donnell* suit. This afforded NJTA the opportunity to investigate the accident, take corrective action, and be aware of its potential liability prior to the filing of the *O'Donnell* suit. The Supreme Court therefore found extraordinary circumstances to permit the plaintiff in *O'Donnell* to file a late notice of claim within the one-year statutory window for filing a late notice of claim. *Id.* at 352.

While the Complaints reserves a right to file a late notice of claim, Plaintiffs cannot meet the TCA's strict requirements to provide a late notice of claim to UH.

**First,** Plaintiff cannot establish extraordinary circumstances for their failure to file with UH notice of a claim by November 3, 2024. Plaintiffs had capacity to take action during the 90 day claim period since they claim to have provided notice of a claim to some party on October 25, 2024. *See*, Ex. A, Complaint at ¶ 1. To the extent Plaintiffs refute that they possessed capacity to act during the 90-day claim period, they would each need to offer any affidavit explaining their failure to provide notice of a claim to UH. *See*, *S.P.*, 319 N.J. Super. at 4.

Plaintiffs also cannot claim extraordinary circumstances due to an inability to identify UH as a potential tortfeasor. Plaintiffs pleaded that on August 5, 2024 Ms. Gonzalez was transported to UH, admitted to UH, then treated at UH against her will. *See*, Ex. A, Complaint at ¶¶ 17-21. The contemporaneous awareness of UH's involvement distinguishes this case from the "unidentified tortfeasor" scenarios

recognized in *McDade*, 208 N.J. at 477, *Lowe*, 158 N.J. at 629-30, and *Eagan v. Boyarsky*, 158 N.J. at 643.

**Second,** the TCA requires that any motion to file a late notice of claim still be filed within one year of the claim accruing. *N.J.S.A.* § 59:8-9. Plaintiffs never moved for leave to obtain permission from the Superior Court to provide UH with a late notice of claim. *See*, Ex. E, Docket Summary Report. Since the claim accrued in August of 2024, Plaintiffs are now beyond the statutory one-year deadline to file a late notice of claim.

The Court does not have to consider whether UH is substantially prejudiced by Plaintiffs' failure to provide a timely notice of claim since Plaintiffs cannot establish extraordinary circumstances and Plaintiffs are beyond the one-year window to obtain the permission to file a late notice of claim. *See*, *Beauchamp*, 164 N.J. at 111. Nonetheless, **third**, UH would be substantially prejudiced if Plaintiffs were allowed to proceed with this lawsuit. UH is entitled to six months to review and potentially resolve a claim prior to a claimant filing suit. *McDade*, 208 N.J. at 475-76 (quoting *Beauchamp*, 164 N.J. at 121-122). UH would be denied that opportunity while simultaneously having to incur litigation costs. UH has also been denied the opportunity to conduct a factual investigation and prepare a defense. *Ibid.* Lacking notice of a claim, UH has been deprived advance notice "as to the indebtedness or liability that it may be expected to meet." *Ibid.* These legislative

- 14 -

goals are the reason claimants must adhere to the TCA's strict requirements to pursue claims against public entities and their employees, *O'Donnell*, 236 N.J. at 345, and UH has been deprived of the opportunity to fulfill those goals from Plaintiffs' failure to follow the strict process for filing a late notice of claim.

Plaintiffs failed to comply with the TCA's late notice of claim procedure, *N.J.S.A.* § 59:8-9, so the Complaint must be dismissed. See, *N.J.S.A.* § 59:8-8.

### 3.    *Plaintiffs did not substantially comply with the TCA's notice requirement to excuse their failure to provide a notice of claim.*

The substantial compliance doctrine "has been limited carefully to those situations in which the notice, although both [a] timely and [b] in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute." *D.D.*, 213 N.J. at 159 (citations omitted). The substantial compliance doctrine requires the Court to consider whether there is:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim, and (5) a reasonable explanation why there was not a strict compliance with the statute.

*H.C. Equities, LP v. Cty. of Union*, 247 N.J. 366, 386 (2021)(citations omitted).

For example, New Jersey's Appellate Division has held a timely, written notice that identified plaintiff and her attorney, set forth a date and description of the incident, listed injuries and demanded damages substantially complied with the

TCA's notice requirement despite not asserting a legal theory of negligent supervision. *See*, *LeBron v. Sanchez*, 407 N.J. Super. 204, 214-15 (App. Div. 2009); *see also*, *Henderson v. Herman*, 373 N.J. Super. 625, 633 (App. Div. 2004) (holding that notice of claim against police dispatch and emergency transport personnel that failed to include names of specific dispatchers substantially complied).

At a minimum, notice of a claim under the TCA must be written. *See*, *Velez v. City of Jersey City*, 358 N.J. Super. 224, 238 (App. Div. 2003). In enacting the TCA, "[t]he Legislature clearly envisioned that a claimant would disclose to a public entity its tort causes of action in a single document that provides clear notice of its claim. . ." *H.C. Equities*, 247 N.J. at 387. Oral notice does not substantially comply regardless of the content of the oral communication. *Velez*, 358 N.J. Super. at 238.

The substantial compliance doctrine is inapplicable to this case. **One,** UH would be prejudiced by allowing a belated notice. *See*, Section IV.B.

**Two,** the Complaint does not allege a series of steps taken by Plaintiffs to attempt to provide proper notice of a claim to UH. *See*, Ex. A, Complaint.

**Three,** Plaintiffs cannot show general compliance with the purpose of the statute. Plaintiffs did not provide written indication to UH during the 90-day claim period that Plaintiffs sought to pursue a claim against the hospital. *See*, Ex. B, Hooper Dec. The absence of any form of written notice to UH during the claim

- 16 -

period means that this is not a situation where UH is asserting mere technical deficiencies in a written submission by the claimant. *D.D.*, 213 N.J. at 159.

**Four,** as certified by UH, it lacked notice of this claim prior to being served with the summons and Complaint. Ex. B, Hooper Dec. at ¶ 8. So Plaintiffs cannot show UH had reasonable notice of the claim despite the lack of proper notice to establish substantial compliance with the TCA's notice requirement.

**Five,** to-date Plaintiffs have not provided any explanation as to why they did not strictly comply with providing proper notice of a claim to UH.

Plaintiffs thus cannot avail themselves of the substantial compliance doctrine to permit them to assert state law claims against UH.

**B.      Count 3 fails to plead the existence of a policy or custom establishing that UH took some action causing Plaintiffs' injuries to state a claim under 42 U.S.C. § 1983.**

UH cannot be held liable under the Federal Civil Rights Act, 42 U.S.C. § 1983, for the acts of its employees. *See*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). UH can only be liable under § 1983 if the plaintiff identifies a "policy or custom" that was the "moving force" behind the plaintiff's alleged injury. *Jewell v Ridley Twp.*, 497 F App'x 182, 185 (3d Cir. 2012) (citing *Monell*, 436 U.S. at 694). So to state a § 1983 claim against UH, Plaintiffs must plead the existence of a policy or custom establishing that UH took some action that caused plaintiff's injuries beyond merely employing individuals alleged to have violated the plaintiff's rights.

A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). "[A] custom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (internal quotations and citations omitted). A *Monell* claim premised on a public entity's failure to train or supervise requires the plaintiff demonstrate that the public entity's failure "reflects a deliberate or conscious choice." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798, 800 (3d Cir. 2019) (internal quotations and citations omitted ).

The mere pleading that a policy or custom exists is insufficient for a *Monell* claim to survive a motion to dismiss; the complaint must also allege facts demonstrating that the policy or custom was the proximate cause of the plaintiff's injuries. *Estate of Roman*, 914 F.3d at 798.

Here, the Complaint does not plead facts that UH possessed a policy or custom that caused Plaintiffs' injuries. Plaintiffs merely pleaded conclusory assertions that Ms. Gonzalez was "subjected to an unreasonable seizure and deprivation of liberty" and that "[t]he conduct was undertaken without legal justification, warrant, or exigent circumstances." *See*, Ex. A, Complaint at ¶¶ 34-35. The Complaint does not plead facts of a policy issued by UH that was followed thereby causing Plaintiffs'

alleged injuries. There are no facts pleaded of a course of conduct endorsed or authorized by the hospital to constitute a custom that caused a deprivation of Plaintiffs' rights causing an injury. The Complaint also does not plead facts of any failure to train or supervise its employees evidencing a deliberate indifference by the hospital to Plaintiffs' rights.

Lacking facts pleaded of a policy or custom in place that proximately caused Plaintiffs' injuries, Plaintiffs cannot state a claim for relief against UH under § 1983. Count 3 of the Complaint must be dismissed.

## V.    CONCLUSION

The TCA's "guiding principle" is "that immunity from tort liability is the general rule and liability is the exception." *O'Donnell*, 236 N.J. at 345 (quoting *D.D.*, 213 N.J. at 134). Plaintiffs believed as of August 5, 2024 that Ms. Gonzalez was sent to UH, admitted, then subjected to unwarranted medical care. Plaintiffs had the capacity to serve a notice during the claim period. There is no legal basis to excuse Plaintiffs' failure to provide UH with a notice of a claim under *N.J.S.A.* § 59:8-8. Plaintiffs are also beyond the one-year statutory window to file a late notice of claim under *N.J.S.A.* § 59:8-9. Plaintiffs' failure to comply with the TCA meets they are barred from asserting state law claims against UH, so Counts 1, 2, 4 and 5 must be dismissed with prejudice.

Count 3 must also be dismissed as to UH due to the lack of facts stating a claim that UH possessed a policy or custom that was followed causing Plaintiffs' alleged injuries. The merely conclusory allegation that Ms. Gonzalez was deprived of her liberty is insufficient to state a *Monell* claim under 42 U.S.C. § 1983.

Therefore, Plaintiffs' entire Complaint should be dismissed as to UH.

Respectfully submitted,

*/s/ Robert E. Blanton, Jr.*
Robert E. Blanton, Jr., Esq.

Dated: June 29, 2026