**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| NORMA GONZALEZ & ROBERT GONZALEZ<br><br>               Plaintiff,<br><br>v.<br><br>FOCUS HISPANIC CENTER FOR COMMUNITY DEVELOPMENT, INC, et al.<br><br><br>              Defendants | Hon. Katharine S. Hayden, U.S.D.J.<br>Hon. James B. Clark, U.S.M.J.<br><br>Docket No. 2:26-cv-06864<br><br><u>Civil Action</u><br><br><br>ELECTRONICALLY FILED |

**BRIEF IN SUPPORT OF THE NEW JERSEY DEPARTMENT OF HUMAN SERVICES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

JENNIFER DAVENPORT
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625-0112
*Attorney for Defendant*
*New Jersey Department of Human Services*
Ph:  (609) 376-2440
Angelo.Cifelli@law.njoag.gov

Angelo Cifelli,
Deputy Attorney General
NJ Bar ID No. 482552025
On the Brief

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................................... 1

PROCEDURAL HISTORY & STATEMENT OF FACTS ........................................................... 2

LEGAL STANDARDS ................................................................................................................. 3

ARGUMENT ................................................................................................................................ 5

     POINT I

          PLAINTIFF'S CIVIL RIGHTS CLAIMS ARE NOT COGNIZABLE AGAINST
          DHS. ...................................................................................................................... 5

     POINT II

          COUNTS ONE, TWO, AND FOUR FAIL TO STATE A CLAIM AGAINST
          DHS, AND DHS CANNOT BE HELD VICARIOUSLY LIABLE FOR
          INTENTIONAL OR WILLFUL CONDUCT .................................................... 6

     POINT III

          PLAINTIFFS DEMAND FOR PUNITIVE DAMAGES AGAINST DHS IS
          STATUTORILY BARRED........................................................................... 10

CONCLUSION............................................................................................................................ 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................... 3, 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................... 3, 4

*Bostrom v. N.J. Div. of Youth & Family Servs.*,
   No. 11-1424, 2011 U.S. Dist. LEXIS 94085 (D.N.J. Aug. 22, 2011) .................................... 6

*Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ........................................................................................ 3, 4

*Burtch v. Milberg Factors, Inc.*,
   662 F.3d 212 (3d Cir. 2011) ............................................................................................... 4

*Hoag v. Brown*,
   935 A.2d 1218 (N.J. Super. Ct. App. Div. 2007) ................................................................. 7

*Estate of Lydia Joy Perry ex rel. Kale v. Slogan*,
   No. 10-4646, 2011 U.S. Dist. LEXIS 58055, 2011 WL 2148813 (D.N.J. May 31,
   2011) ................................................................................................................................. 6

*McCormick v. State*,
   446 N.J. Super. 603, 144 A.3d 1260 (N.J. Super. Ct. App. Div. 2016) ................................. 7

*McGovern v. City of Jersey City*,
   2005 U.S. Dist. LEXIS 38644 (D.N.J. Dec. 29, 2005) ........................................................ 8, 9

*Merman v. City of Camden*,
   824 F. Supp. 2d 581 (D.N.J. 2010) ..................................................................................... 8

*Morse v. Lower Merion Sch. Dist.*,
   132 F.3d 902 (3d Cir. 1997) ............................................................................................... 4

*Oliver v. Dep't of Human Servs.*,
   No. 09-5336, 2012 U.S. Dist. LEXIS 99309, 2012 WL 2916773 (D.N.J. July 16,
   2012) ................................................................................................................................. 6

*Scheuer v. Rhodes*,
   416 U.S. 232 (1974) ........................................................................................................... 3

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) ........................................................................................................... 3

*Ward v. Barnes*,
   545 F. Supp. 2d 400 (D.N.J. 2008) ................................................................................ 7, 8, 9

ii

*Weisman v. N.J. Dep't of Human Servs.*,
817 F.Supp. 2d 456 (D.N.J. 2011) ...................................................................................... 5

*Will v. Michigan Dep't of State Police*,
491 U.S. 58 (1989) ............................................................................................................... 5

*Wolfe v. Kaminski*,
No. 14-1956, 2016 U.S. Dist. LEXIS 84124 (D.N.J. June 29, 2016) ................................... 5

**Statutes**

42 U.S.C. §1983 .................................................................................................................. 1, 2, 5

N.J.S.A 59:2-2(a) ..................................................................................................................... 10

N.J.S.A. 59:2-10 ....................................................................................................................... 10

N.J.S.A 59:4-2 .......................................................................................................................... 10

N.J.S.A 59:4-4 .......................................................................................................................... 10

N.J. Stat. Ann. §59:1-3 ............................................................................................................... 7

N.J. Stat. Ann. § 59:1-34 ............................................................................................................ 7

N.J. Stat. Ann. § 59:2-2 .............................................................................................................. 7

N.J. Stat. Ann. § 59:2-2(a) .......................................................................................................... 7

N.J. Stat. Ann. § 59:2-10 .............................................................................................. 6, 7, 8, 9

N.J. Stat. § 59:9-2 .................................................................................................................... 10

**Other Authorities**

Rule 12(b)(6) ........................................................................................................................... 3, 4

## PRELIMINARY STATEMENT

Plaintiffs, Norma Gonzalez and Robert Gonzalez, bring this action against multiple defendants including FOCUS Hispanic Center for Community Development ("FOCUS"), Eduarda Oliva, the New Jersey Department of Human Services ("DHS"), University Hospital, and multiple fictious defendants. Although Plaintiffs name DHS as a defendant, the Complaint only alleges that DHS "oversees Adult Protective Services programs" and that FOCUS acted as DHS's "agent, contractor, and/or instrumentality," while alternatively alleging that FOCUS acted as an independent entity. Compl. ¶¶5-9. Plaintiff asserts claims of false imprisonment, negligence, civil rights violations under 42 U.S.C. §1983, and intentional and negligent infliction of emotional distress against Defendants. Count Five, for medical battery and lack of informed consent is asserted only against University Hospital and unidentified individuals.

The claims against DHS fail because DHS is not a "person" subject to Section 1983 claims, Counts One, Two, and Four fail to state a claim against DHS, DHS cannot be held vicariously liable for intentional or willful conduct, and Plaintiffs' request for punitive damages are statutorily barred.

1

**PROCEDURAL HISTORY & STATEMENT OF FACTS**

Plaintiffs filed a Complaint in this matter on May 6, 2026. On June 10, 2026, this case was removed from Essex County Superior Court to the U.S. District Court, District of New Jersey, Vicinage of Newark.

Plaintiffs allege on August 5, 2024, Robert Gonzalez called for EMT assistance at their home when he observed his mother appearing pale, prompting police and Defendant Oliva to arrive at the residence. Compl. ¶¶ 13-15. Defendant Oliva allegedly failed to conduct a reasonable or adequate investigation of the circumstances and asserted control and directed that Norma Gonzalez be transported for medical evaluation where she was allegedly transferred to University Hospital against her will. Compl. ¶¶16-18. Norma Gonzalez was allegedly detained at University Hospital for one week where she was allegedly subjected to invasive medical procedures, including IV insertions and catheterization without informed consent. Compl. ¶¶19-20. Plaintiffs allege they were not provided information pertaining to a diagnosis, justification for confinement, or a discharge plan. Compl. ¶21. Defendant Oliva allegedly returned to the residence and made statements indicating escalation to a legal team. Compl. ¶22. Plaintiffs allege they suffered emotional, psychological, and physical harm. Compl. ¶23.

Plaintiffs allege counts of false imprisonment, negligence, civil rights violations under 42 U.S.C. §1983, intentional infliction of emotional distress against

2

Defendants and a count of medical battery/lack of informed consent against University Hospital and John Does. DHS now moves to dismiss the Complaint.

## **LEGAL STANDARDS**

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Motion to Dismiss a Complaint on the pleadings, under Rule 12(b)(6) should be granted if the Complaint, on its face, does not contain sufficient factual matter to indicate that a claim for relief is "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). This "plausibility standard" does not require Plaintiff to establish a probability of liability, only more than a mere possibility. *Id*. (citing *Twombly*, 550 U.S. at 556-57, 570). This analysis requires the Court to "draw upon its judicial experience and common sense …" in making this determination, and to consider the Complaint as a whole, and in context. *Id*. at 679.

Additionally, to survive a motion to dismiss, a complaint must contain sufficient factual matter, on its face, accepted as true, to state a claim to relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). If no set of proved facts could show defendants' liability, plaintiffs' claims must be dismissed. *Id.; see also Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). To assess the sufficiency of a

complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions...'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1429-30).

## ARGUMENT

## POINT I

## PLAINTIFF'S CIVIL RIGHTS CLAIMS ARE NOT COGNIZABLE AGAINST DHS___

Plaintiffs' Section 1983 claims are not cognizable against DHS because it is not a "person" amenable to suit under Section 1983.

The statute provides, in relevant part: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C. § 1983 (emphasis added).

As an arm of the State, DHS is not a "person" amenable to suit under Section 1983. To be liable within the meaning of Section 1983, a defendant must be a "person." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (establishing that states and arms of the state are not persons amenable to suit under Section 1983). This Court has consistently held that DHS is a not a "person" amenable to suit for purposes of Section 1983 claims. *See, e.g., Weisman v. N.J. Dep't of Human Servs.*, 817 F.Supp. 2d 456, 464 (D.N.J. 2011) (holding that DHS is a not person with the meaning of Section 1983); *Wolfe v. Kaminski*, No. 14-1956,

5

2016 U.S. Dist. LEXIS 84124, at *5 (D.N.J. June 29, 2016) ("In particular, New Jersey federal courts have held that [DHS] is not a 'person' subject to liability under [Section] 1983.") (citing *Oliver v. Dep't of Human Servs.*, No. 09-5336, 2012 U.S. Dist. LEXIS 99309, 2012 WL 2916773, at *7 (D.N.J. July 16, 2012); *Bostrom v. N.J. Div. of Youth & Family Servs.*, No. 11-1424, 2011 U.S. Dist. LEXIS 94085, at *17-18 (D.N.J. Aug. 22, 2011) ("Plaintiff's claims against DYFS and DHS fail because both are not 'persons' under Section 1983.") (citing *Estate of Lydia Joy Perry ex rel. Kale v. Slogan*, No. 10-4646, 2011 U.S. Dist. LEXIS 58055, 2011 WL 2148813 (D.N.J. May 31, 2011))

Here, Plaintiff has alleged constitutional claims against DHS and is seeking monetary damages. *See* Complaint at 5. Since DHS is not a "person," Plaintiffs' civil rights claims should be dismissed against DHS with prejudice.

## POINT II

### COUNTS ONE, TWO, AND FOUR FAIL TO STATE A CLAIM AGAINST DHS, AND DHS CANNOT BE HELD VICARIOUSLY LIABLE FOR INTENTIONAL OR WILLFUL CONDUCT

To the extent Plaintiff alleges an intentional tort claim against the DHS, such a claim should be dismissed with prejudice because public entities, like DHS, are statutorily immunized from such claims.

The NJTCA, specifically N.J. Stat. Ann. § 59:2-10, states that a public entity is not liable for the acts or omissions of a public employee constituting a crime,

6

actual fraud, actual malice or willful misconduct. Thus, there can be no vicarious liability by a public entity for intentional torts committed by public employees, as the theory of respondeat superior does not apply. *Ward v. Barnes*, 545 F. Supp. 2d 400, 420-21 (D.N.J. 2008) (holding that there is no legal basis under N.J. Stat. Ann. § 59:2-10 for permitting respondeat superior liability to public entities on the theories of battery and intentional infliction of emotional distress); *see also Hoag v. Brown*, 935 A.2d 1218, 1230 (N.J. Super. Ct. App. Div. 2007).

Moreover, the Complaint does not allege that Oliva was employed by DHS. Rather, Plaintiffs allege that Oliva was an employee or agent of FOCUS, while characterizing FOCUS as DHS's "agent, contractor, and/or instrumentality" and alternatively as an independent entity. Compl. ¶¶5-9. N.J. Stat. Ann. § 59:2-2(a) provides "A public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." N.J. Stat. Ann. § 59:2-2. In addition, N.J. Stat. Ann. §59:1-3 states that the term "employee" "does not include an independent contractor." N.J. Stat. Ann. § 59:1-3; *see also McCormick v. State*, 446 N.J. Super. 603, 614, 144 A.3d 1260, 1267 (N.J. Super. Ct. App. Div. 2016)(noting that N.J. Stat. Ann. § 59:1-34 excludes independent contractors from the definition of a public employee).

Even if Oliva was an employee of DHS (which they are not), New Jersey

7

courts have long held that public employers do not have respondeat superior liability for the conduct of its employers. Under *Adams v. New Jersey Dep't of Corr.*, this Court dismissed assault and battery claims premised on intentional conduct precluded by the NJTCA. No. 21-12482, 2022 U.S. Dist. LEXIS 82343, at *12-13 (D.N.J. May 5, 2022) (citing *Merman v. City of Camden*, 824 F. Supp. 2d 581 (D.N.J. 2010); *see also McGovern v. City of Jersey City*, 2005 U.S. Dist. LEXIS 38644 (D.N.J. Dec. 29, 2005)(under N.J. Stat. Ann. § 59:2-10, a city and its police department could not be held vicariously liable for intentional infliction of emotional distress and assault and battery on the part of off-duty police officers who were allegedly involved in an altercation with an off-duty sheriff's officer.); *Ward*, 545 F.Supp. at 200 (school district and the school board could not be held liable under a respondeat superior theory for battery and intentional infliction of emotional distress claims arising from a teacher's alleged instigation of the beating of a student by other students).

The Complaint does not allege any direct intentional act by DHS. The allegedly inadequate investigation, direction that Norma Gonzalez be transported, and a later statement concerning a "legal team" are attributed solely to Defendant Oliva, while the subsequent detention and medical procedures are attributed to University Hospital. Compl. ¶¶15-22. Plaintiffs' conclusory description of FOCUS as DHS's agent, contractor, and/or instrumentality does not plead facts showing

8

DHS directed, controlled, authorized, or participated in any of the allegedly tortious conduct.

To the extent Plaintiff asserts an intentional tort claim against the DHS, then the claim should be dismissed because it is barred by N.J. Stat. Ann. § 59:2-10. As made clear by both *McGovern* and *Ward*, DHS cannot be held vicariously liable for intentional torts, and respondeat superior simply does not apply.

Count One alleges that "Defendants" caused Norma Gonzalez to be confined without consent or lawful justification, but the underlying factual allegations attribute the transportation decision solely to Oliva and the subsequent detention to University Hospital. Compl. 15-22; 25-27. The Complaint identifies no DHS employee or act by DHS that caused or continued the alleged confinement. *Id*. DHS therefore cannot be held directly liable for false imprisonment and to the extent Plaintiffs seek to impose Oliva's intentional conduct to DHS, N.J. Stat. § 59:2-10 bars vicarious liability.

Plaintiffs' negligence claims fail because the Complaint pleads no negligent act or omission by DHS, no involvement by any DHS employee, and no facts establishing that DHS owed or breached a duty that proximately caused Plaintiff's alleged suffered damages. Compl. ¶¶ 29-31.

Count Four likewise fails against DHS. To the extent Plaintiffs assert intentional infliction of emotional distress, the claim rests upon allegedly intentional

9

or reckless conduct and cannot be imposed vicariously upon DHS under N.J.S.A. 59:2-10; Compl. ¶¶ 38-40. To the extent Plaintiffs assert negligent infliction of emotional distress, that theory fails because the Complaint identifies no negligent conduct by DHS or any DHS employee, or any facts of DHS involvement at all in any of Plaintiffs' allegations.[1]

Accordingly, Counts One, Two, and Four of Plaintiff's Complaint should be dismissed against DHS.

## POINT III

### PLAINTIFFS DEMAND FOR PUNITIVE DAMAGES AGAINST DHS IS STATUTORILY BARRED

Plaintiffs request an award of punitive damages against Defendants. The NJTCA provides that "no punitive or exemplary damages shall be awarded against a public entity." N.J. Stat. § 59:9-2. Because DHS is a public entity, Plaintiffs'

---

[1] Furthermore, a public entity cannot be held liable for its "own negligence." The NJTCA contains three, and only three, avenues of liability against public entities: N.J.S.A 59:2-2(a), which, subject to any applicable immunities, renders public entities liable for negligent acts and omissions of their employees under normal principles of *respondeat superior*; N.J.S.A 59:4-2, which pertains to "dangerous condition of public property"; and N.J.S.A 59:4-4, which pertains to failures to provide "emergency signals." Of those three provisions, the only one that potentially applies here is N.J.S.A. 59:2-2(a), which states, "[a] public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." Of course, based upon the facts of Plaintiffs' complaint, even this provision does not save their claims from dismissal. That aside, the key takeaway is that there is no provision in the NJTCA stating, in words, or substance, that a public entity is liable for its "own negligence."

demand for punitive damages against DHS must be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint against DHS and should be dismissed with prejudice.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By:    /s/ Angelo Cifelli
Angelo Cifelli
Deputy Attorney General

DATED:  July 1, 2026

11